896 F.2d 1367
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Sue FRYE, Petitioner,
v.
PITTSTON COAL GROUP, INC.; Clinchfield Coal Company;
Federal Mine Safety & Health Review Commission, Respondents.
 No. 89-2668.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 6, 1989.
Decided: Feb. 9, 1990.
Rehearing Denied March 13, 1990.
 
 Jerry Oscar Talton, Jr., for petitioner.
 Warren Challen Walling (Penn, Stuart, Eskridge & Jones, on brief), for respondents.
 Before BUTZNER, Senior Circuit Judge, JAMES H. MICHAEL, JR., United States District Judge for the Western District of Virginia, sitting by designation, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Petitioner, a former employee of respondent Clinchfield Coal Company, an affiliate of respondent Pittston Coal Group, Inc., appeals a federal Mine Safety and Health Review Commission decision affirming an administrative law judge's (ALJ) denial of her claim of a discriminatory discharge by respondents in contravention of the anti-discrimination provisions of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. Sec. 815(c). A request by petitioner for a discretionary review by the Federal Mine Safety and Health Review Commission ("FMSHRC") was not granted, resulting in the ALJ's decision becoming a final order of the FMSHRC.
 
 
 2
 It is well settled that to establish a prima facie case of discrimination under Sec. 105(c) of the [Mine] Act, the complaining miner bears the burden of proving that (1) he engaged in protected activity and (2) the adverse action complained of was motivated in part by said activity.
 
 
 3
 Eastern Associated Coal Corp. v. Federal Mine Safety and Health Review Comm'n, 813 F.2d 639, 642 (4th Cir.1987). See also Boich v. Federal Mine Safety and Health Review Comm'n, 704 F.2d 275 (6th Cir.), reh'g denied, 719 F.2d 194 (1983).
 
 
 4
 The ALJ, in a well reasoned fact-finding opinion, concluded not only that Frye had failed to meet either of the burdens imposed by Sec. 105(c), supra, but that "the sole reason for the discharge of Frye was her excessive absenteeism" (emphasis added). The ALJ went on to state that he did not find sufficient evidence to establish that the discharge was motivated in "any part " (emphasis added) by any protected activities. Jt.Appendix p. 3.
 
 
 5
 Satisfied that the ALJ's findings are supported by substantial evidence, that his conclusions were rational and in accordance with the applicable law, we need not, in view of the finding that Clinchfield, in discharging Frye, was motivated solely by her excessive absence, address the issue of whether her actions were protected under the Mine Act.
 
 
 6
 AFFIRMED.